IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUANO BERE,<br><br>    Plaintiff,<br><br>  v.<br><br>MGA HEALTHCARE STAFFING INC.,<br><br>    Defendant.<br>_____ / | No. C 16-01346 WHA<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING MOTION FOR A MORE DEFINITE STATEMENT AS MOOT** |

**INTRODUCTION**

In this employment dispute, which plaintiff is prosecuting pro se, defendant moves to dismiss the complaint for failure to state a claim or, in the alternative, moves for a more definite statement. For the following reasons, defendant's motion to dismiss is **GRANTED**. Defendant's motion for a more definite statement is **DENIED AS MOOT**.

**STATEMENT**

From January 2013 to December 2015, plaintiff Suano Bere worked as a certified nurse's assistant for defendant MGA Healthcare Staffing Inc. In December 2014, plaintiff suffered an eye injury and commenced a medical leave. Sometime thereafter, plaintiff was replaced in his position by another nurse and, eventually, the position was eliminated altogether. Plaintiff's supervisor stated that plaintiff's medical leave was a factor in the decision to eliminate the position. Plaintiff complained to the president of the company that he believed he was retaliated against for having filed a medical claim for his injuries and for taking an

authorized medical leave.  One month after he returned from leave, and just two days after he complained to the president, plaintiff was terminated (Compl. ¶¶ 8–18).

On February 8, 2016, plaintiff filed a complaint in Alameda County Superior Court alleging:  discrimination under the Fair Employment and Housing Act (FEHA); retaliation under the Federal Medical Leave Act (FMLA) and the California Family Rights Act (CFRA); and negligent infliction of emotional distress.  Defendant filed a notice of removal on the basis that the action arises under the FMLA.  Defendant then moved for dismissal or, in the alternative, a more definite statement.  A subsequent order required defendant to show cause as to why the Court has jurisdiction given that plaintiff's complaint only references the FMLA.

**ANALYSIS**

**1.    SUFFICIENCY OF PROCESS.**

In its motion, defendant sought dismissal for insufficiency of process.  At the hearing on May 26, 2016, however, counsel for defendant accepted service of the summons and complaint on behalf of defendant.  Process is therefore sufficient.  The Court thanks counsel for this courtesy.

**2.    SUBJECT-MATTER JURISDICTION.**

The complaint references the FMLA under its third cause of action and alleges plaintiff was retaliated against for asserting his rights under the FMLA.  Plaintiff's complaint, while inartful, asserts a claim under the FMLA.  Therefore, subject-matter jurisdiction exists.

**3.    MOTION TO DISMISS.**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that the defendant is liable for the conduct alleged.  While a court "must take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Id*. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

2

### A. FEHA and CFRA Claims.

Plaintiff alleges discrimination in violation of FEHA. Before bringing suit under FEHA, however, a plaintiff must exhaust FEHA administrative remedies. *Rojo v. Kliger*, 52 Cal.3d 65, 88, 276 Cal.Rptr. 130 (1990). Under California law, employees must exhaust administrative remedies provided by FEHA by filing an administrative complaint with DFEH, and obtaining a notice of a right to sue. *Okoli v. Lockheed Technical Operations Co.*, 36 Cal. App. 4th 1607, 1613, 43 Cal.Rptr.2d 57 (1995) (summarizing the requirements of DFEH).

Here, plaintiff fails to allege that he has exhausted administrative remedies under FEHA. The requirement to exhaust administrative remedies is jurisdictional. *Rascon v. Diversified Maint. Sys.*, 1:13-CV-1578 AWI JLT, 2014 WL 1572554, at *5 (E.D. Cal. Apr. 17, 2014). As such, defendant's motion to dismiss plaintiff's claims under FEHA is **GRANTED**.

Because CFRA is a part of FEHA, a plaintiff must also exhaust administrative remedies before bringing a civil action for violation of CFRA. *Mora v. Chem-Tronics, Inc.*, 16 F. Supp. 2d 1192, 1201 (S.D. Cal. 1998) (Judge Napolean A. Jones). Plaintiff has failed to allege exhaustion of administrative remedies with respect to his CFRA claim. Accordingly, defendant's motion to dismiss plaintiff's CFRA claim is **GRANTED**.

### B. FMLA Claim.

The FMLA entitles employees who have worked for a company for over one year to take up to 12 weeks of leave a year due to "a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D); 29 C.F.R. § 825.200(a)(4). The FMLA also prohibits an employer from retaliating against any employee for exercising her rights protected by the FMLA. 29 U.S.C. § 2615(a) (2); 29 C.F.R. § 825.220(c); *see also Hallman v. Abercrombie & Fitch Stores, Inc.*, No. 2:13-CV-02139-ODW, 2013 WL 5441753, at *9 (C.D. Cal. Sept. 27, 2013) (Judge Otis D. Wright).

Under the FMLA, an employee must establish that: (1) he was eligible for the FMLA's protections, (2) his employer was covered by the FMLA, (3) he was entitled to leave under the FMLA, (4) he provided sufficient notice of his intent to take leave, and (5) his employer denied

him FMLA benefits to which he was entitled. *Sanders v. City of Newport*, 657 F.3d 772, 778 (9th Cir. 2011).

Here, plaintiff has not alleged sufficient facts to show that he is entitled to relief under the FMLA. In particular, he fails to allege facts showing that he was eligible for leave under the law. Plaintiff alleges that he had worked for defendant for over a year but he does not allege that he had worked for defendant for the required 1,250 hours during the previous 12-month period. *See* 29 U.S.C. 2611(2)(A)(ii). Plaintiff also fails to allege that he gave notice of his intent to take leave. Defendant's motion to dismiss plaintiff's FMLA claim is therefore **GRANTED**.

### C. Claim Under California Labor Code Section 132a.

Plaintiff's complaint briefly references California Labor Code Section 132a (Compl. ¶ 9). In addition, at the hearing, plaintiff asserted that he suffered his injury while at work. The complaint, however, makes no allegation that the injury was sustained at work. Nor does the complaint provide any other factual detail that would support a claim for a work-related injury. To the extent that plaintiff asserts a claim under California Labor Code Section 132a, his complaint does not allege sufficient facts to show he is entitled to relief. Defendant's motion to dismiss any claims under California Labor Code Section 132a is **GRANTED**.

### D. Negligent Infliction of Emotional Distress.

The elements of a claim of negligent infliction of emotional distress are: (1) the defendant engaged in negligent conduct; (2) the plaintiff suffered serious emotional distress; and (3) the defendant's negligent conduct was a cause of the serious emotional distress. *Butler-Rupp v. Lourdeaux*, 134 Cal. App. 4th 1220, 1226 n. 1 (2005). In addition, recovery is limited to situations where the defendant either assumed a duty to the plaintiff, or breached a legal duty that caused the emotional distress of the plaintiff. *Bernstein v. Apollo Grp., Inc.*, No. 5:13-CV-01701-LHK, 2014 WL 854834, at *5 (N.D. Cal. Feb. 28, 2014) (Judge Lucy Koh).

Here, plaintiff has not alleged that defendant engaged in any negligent conduct. Plaintiff has also not alleged that defendant owed a duty to plaintiff. Accordingly, defendant's motion to dismiss plaintiff's claim for negligent infliction of emotional distress is **GRANTED**.

**Conclusion**

For the foregoing reasons, the motion to dismiss is **GRANTED**: defendant's motion to dismiss plaintiff's FEHA and CFRA claims is **GRANTED**; defendant's motion to dismiss plaintiff's FMLA claim is **GRANTED**; defendant's motion to dismiss plaintiff's claim for negligent infliction of emotional distress is **GRANTED**.  Defendant's motion for a more definite statement is **DENIED** as moot.

Plaintiff shall have until **JUNE 22, 2016 AT NOON**, to file a motion, noticed on the normal 35-day track, for leave to amend his claims.  A proposed amended complaint must be appended to this motion.  Plaintiff must plead his best case.  The motion should clearly explain how the amended complaint cures the deficiencies identified herein.  If such a motion is not filed by the deadline, this case will be closed.

Pro se plaintiff is advised that he may seek assistance from the Legal Help Center, a free service of the Volunteer Legal Services Program, by calling 415-782-8982, or by signing up for an appointment on the 15th Floor of the Federal Courthouse in San Francisco, 450 Golden Gate Avenue, San Francisco, California.  At the Legal Help Center, plaintiff will be able to speak with an attorney who may be able to provide basic legal help, but not representation.  More information is available online at: http://cand.uscourts.gov/helpcentersf.  Plaintiff may also wish to obtain a copy from the Clerk's Office on the 16th Floor of the district court's Handbook for Litigants Without a Lawyer.  It provides instructions on how to proceed at every stage of your case, including discovery, motions, and trial.  The handbook is available in person at the Clerk's Office and online at: http://cand.uscourts.gov/prosehandbook.

**IT IS SO ORDERED.**

Dated:  June 1, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5